**134**

**Wilton SEAUX, et al.**

v.

**Helena LYNN II, et al.**

**Civ. A. No. 87–5505.**

United States District Court,
E.D. Louisiana.

March 10, 1989.

Kenneth W. Jacques, Trial Atty., New Orleans, La., for Wilton Seaux and Martha Seaux.

Allen, Gooch, Bourgeois, Breaux, Robison & Theunissen, Jere Jay Bice, John H. Hughes, Trial Atty., Lafayette, La., for FMC Corp. and Nat. Union Fire Ins.

Adams & Reese, Joel L. Borrello, Trial Atty., Michael R. Davis, New Orleans, La., for Cliffs Drilling Co.

Johnson & McAlpine, Ronald A. Johnson, Trial Atty., Edward S. Johnson, New Orleans, La., for Ronald Malcolm Patemen and Certain Underwriters at Lloyds.

Habans & Bologna, John F. Colowich, Trial Atty., Robert N. Habans, Jr., New Orleans, La., for Helena Lynn, II, Inc. and Five Star Marine Service, Inc.

Galloway, Johnson, Tompkins & Burr, John E. Galloway, New Orleans, La., for Huffco Petroleum Corp.

Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, Hal C. Welch, Trial Atty., E. John Heiser, New Orleans, La., for Highlands Ins. Co., Underwriters At Lloyds, London and St. Paul Fire & Marine Ins. Co.

Rice, Fowler, Kingsmille, Vance & Flint, Winston Edward Rice, New Orleans, La., for Dixilyn–Field Drilling.

Donald T. Giglio, New Orleans, La., for Petroleum Personnel, Inc.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court for hearing on the cross motions of Dixilyn Field Drilling Co. and Huffco Petroleum Corporation for summary judgment on indemnity issues.[1] For the following reasons, Dixilyn's motion is GRANTED and Huffco's motion is DENIED.

The purely legal question presented by these motions is what law governs an indemnity provision contained in a drilling contract in respect of a semi-submersible jack-up rig which is conducting its operations on the outer continental shelf. Resolution of this issue implicates an asserted conflict in Fifth Circuit case law and is appropriate for summary judgment. For the reasons stated below, the Court concludes maritime law shall govern the particular indemnity provisions in question,

---

1. There is also pending before the Court Huffco's motion for summary judgment on liability issues, which will be addressed by the Court in a separate order following a rehearing of that motion.

which provisions are valid and enforceable under maritime law.

No material facts are in dispute. This case arises out of personal injuries allegedly sustained by plaintiff before and during a personnel basket transfer from an offshore service vessel to the jack-up rig, owned by movant Dixilyn. The rig in question was servicing West Cameron Blocks 426 and 427 off the Coast of Louisiana. Plaintiff's employer was under contract to movant Huffco, such that for purposes of this motion, plaintiff may be considered a Huffco employee.

The contractual set up amongst the parties may be summarized as follows:

Dixilyn—jack-up owner
[indemnity provision] <———> contracted under an IADC contract to provide equipment (the rig) to

Cliff's Drilling Co.—as operator who has a drilling contract with

Plaintiff <– – –> FMC Corporation     <– –>    Huffco

---

From the documents submitted to the Court, it is clear the principal and most important item of equipment to be supplied by Dixilyn was the jack-up rig. The contract also covers a mobilization-demobilization fee for removal of the rig with tugs.[2]

The indemnity provision at issue is a reciprocal indemnity agreement in the Dixilyn/Cliffs IADC contract whereby each contracting party "takes care of" its own employees. By virtue of an assignment agreement between Cliff's and Huffco, Huffco is the successor in interest to Cliff's under the IADC contract.

The asserted conflict exists between those cases calling for application of state law to the indemnity provision (which will invalidate it)[3] and those calling for application of maritime law (which will validate it).

For example, the following cases have held Louisiana law applied to govern the contracts and therefore the indemnity provisions there before the Court: *Thurmond v. Delta Well Surveyors*, 836 F.2d 952 (5th Cir.1988) (Wisdom, J.) (contract to provide barge and crew in navigable waters with wireline services held non-maritime); and *Houston Oil & Minerals v. Am. Int'l Tool*, 827 F.2d 1049 (5th Cir.1987) (Politz, J.) (negligence and products liability claims arising from failure of mud saver sub on jack-up on outer continental shelf governed by Louisiana law).

By contrast, maritime law was applied to the contract and indemnity provision at is-

2. The contract also contains a choice of law clause which provides as follows:

   This Contract shall be governed by and interpreted in accordance with the Maritime Laws of the United States and, where not applicable, the laws of the State of Texas shall apply excluding, however, any laws of the State of Texas that apply the laws of any other jurisdiction.

   Notwithstanding this clause, this Court must determine whether maritime law would apply in the first instance. The parties then argue that in default of maritime law, Louisiana law applies. The Court can only assume this is because the parties assume Texas conflict of laws rules would apply Louisiana law. The applicable state law was not briefed by the parties.

   However, given the Court's conclusion, the Court does not reach the issue whether Texas or Louisiana law applies.

3. The contract calls for application of Texas law, where maritime law is inapplicable. However, the parties' memoranda appear to assume that Texas rules of conflict of law would apply Louisiana law to this dispute and that therefore Louisiana law would apply to the indemnity provision if maritime law does not.

sue in *Theriot v. Bay Drilling Corp.*, 783 F.2d 527, 538–40 (5th Cir.1986) (Randall, J.) (slip and fall on drill barge; drilling contract held to be maritime where main subject of contract was supplying a semi-submersible drilling barge). *Theriot* presents the closest factual scenario to the case at bar and carefully limits its holding to the particular contract before it, the main focus of which was to supply a vessel. *See id.* at 539 & n. 12. The *Theriot* Court expressly acknowledged that other contracts within a drilling operations context, such as contracts for provision of services to a drill barge, may well be governed by state law because their subject matter is not essentially maritime. Thus, this Court interprets the *Theriot* dicta as fully consistent with Judge Wisdom's opinion in *Thurmond,* and even though *Thurmond* is the more recent authority, the Court is of the opinion *Theriot* controls the case at bar because it is more factually similar to the circumstances here under consideration. *See also Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 332 (5th Cir.1981) (Clark, J.) (maritime law applied to indemnity agreement in drilling contract under which semi-submersible inland drilling barge supplied).[4]

Because no party herein disputes adjacent state law is applicable under OCSLA, 43 U.S.C. §§ 1331 et seq, to accidents occurring on and disputes in respect of platforms affixed to the outer continental shelf, cases such as *Dickerson v. Continental Oil Co.*, 449 F.2d 1209, 1213 (5th Cir.1971) (explosion and fire on fixed stationary platform) and *Laredo Offshore Constructors, Inc. v. Hunt Oil Co.*, 754 F.2d 1223 (5th Cir.1985) (dispute over construction of platform on outer continental shelf) do not offer meaningful guidance for the resolution of issues before this Court.

In conclusion, "[w]e need not here today define the outer reaches of what may or may not be termed a maritime con-

tract...." *Theriot v. Bay Drilling Co., supra,* 783 F.2d at 538. Suffice it to say, in this Court's opinion the contract here under consideration is maritime and the indemnity language contained therein is clear, unambiguous and enforceable. *Id.* at 539–40.

---

4. In light of *Thurmond,* the *Corbitt* Court's language on the choice of law issue appears overbroad. However, in the narrow factual context

before this Court and before the Court in *Corbitt,* it appears to this Court *Corbitt* is still good law.